JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JAMES EVERETT SHELTON

**(b)** County of Residence of First Listed Plaintiff   MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

James Everett Shelton, Plaintiff Pro Se, 316 Covered Bridge Road, King of Prussia, PA 19406, 484-626-3942

## DEFENDANTS

NEW BRIDGE MERCHANT CAPITAL LLC

County of Residence of First Listed Defendant   MONMOUTH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff
- [ ] 2  U.S. Government
Defendant
- [x] 3  Federal Question
*(U.S. Government Not a Party)*
- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [x] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227 et. seq
Brief description of cause:
Violations of the TCPA

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
28,500.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
03/31/2022

SIGNATURE OF ATTORNEY OF RECORD
*James E. Shelton*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 316 Covered Bridge Road, King of Prussia, PA 19406 _____

Address of Defendant: _____ 26 Alexis Drive, Farmingdale, NJ 07727 _____

Place of Accident, Incident or Transaction: _____ By phone call to Plaintiff's phone in King of Prussia, Pennsylvania _____

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/31/2022        *James E. Shelton*        Pro Se
                        Must sign here
                        *Attorney-at-Law* (Pro Se Plaintiff)        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.    Federal Question Cases:**

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Patent
- ☐ 6.  Labor-Management Relations
- ☐ 7.  Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9.  Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
       *(Please specify):* _____ TCPA, 47 U.S.C. 227 _____

**B.    Diversity Jurisdiction Cases:**

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify):* _____
- ☐ 7.  Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☐ 9.  All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ James Everett Shelton _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

DATE: 03/31/2022        *James E. Shelton*        Pro Se
                        Sign here if applicable
                        *Attorney-at-Law* (Pro Se Plaintiff)        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JAMES EVERETT SHELTON | : | CIVIL ACTION |
| v. | : | |
| NEW BRIDGE MERCHANT CAPITAL LLC, et. al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)


| | | |
|---|---|---|
| 03/31/2022 | *James E. Shelton* | Pro Se |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-626-3942 | | jeshelton595@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**James Everett Shelton**
**316 Covered Bridge Road**
**King of Prussia, PA 19406**
**(484) 626-3942**
**jeshelton595@gmail.com**

**Plaintiff, Pro Se**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON** | : |
| **316 Covered Bridge Road** | :    No. _____ |
| **King of Prussia, PA 19406** | : |
| **Plaintiff** | : |
| | : |
| v. | : |
| | : |
| **NEW BRIDGE MERCHANT CAPITAL** | : |
| **LLC** | : |
| **26 Alexis Drive** | : |
| **Farmingdale, NJ 07727, &** | : |
| | : |
| **GUISEPPE TURRICIANO, a/k/a** | : |
| **JOSEPH TURRUCIANO** | : |
| **26 Alexis Drive** | : |
| **Farmingdale, NJ 07727** | : |
| | : |
| **Defendants** | : |
| | : |

## COMPLAINT:

Plaintiff, James Everett Shelton, brings this action against Defendants NEW BRIDGE

MERCHANT CAPITAL LLC and GUISEPPE TURRICIANO, a/k/a JOSEPH TURRUCIANO,

and alleges based on personal knowledge and information, and belief, as follows:

### Preliminary Statement

1.      As the Supreme Court recently explained, "Americans passionately disagree about many

things. But they are largely united in their disdain for robocalls. The Federal Government receives

a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For

1

nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

2.      Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that NEW BRIDGE MERCHANT CAPITAL LLC and its owner and CEO, GUISEPPE TURRICIANO, a/k/a JOSEPH TURRICIANO sent a series of automated telemarketing calls and text messages for the purposes of commercial solicitation by contacting Plaintiff's cellular telephone number listed on the National Do-Not-Call Registry, which is prohibited by the TCPA.

3.      Upon information and belief, NEW BRIDGE MERCHANT CAPITAL LLC is owned, operated, and controlled by GUISEPPE TURRICIANO, a/k/a JOSEPH TURRICIANO.

4.      Plaintiff never consented to receive any of these phone calls or text messages, which were placed to him for telemarketing purposes.

### Parties

5.      The Plaintiff is JAMES EVERETT SHELTON ("Plaintiff"), a natural person, resides in King of Prussia, PA 19406, and is a citizen of the Commonwealth of Pennsylvania, and was the individual who received the alleged phone calls in this case on his private mobile telephone, and was a resident of Pennsylvania during the calls, in this case in Montgomery County, Pennsylvania.

6.      Defendant NEW BRIDGE MERCHANT CAPITAL LLC ("New Bridge") is a limited liability company organized and existing under the laws of the State of New Jersey, and can be served at its principal place of business located at: 26 Alexis Dr., Farmingdale, NJ 07727. Defendant markets and sells, inter alia, loans and business financing to people in Pennsylvania, and engages in telemarketing into this district, as it did with the Plaintiff.

2

7.    Defendant GUISEPPE TURRICIANO, a/k/a JOSEPH TURRICIANO ("Mr. Turriciano")
is, upon information and belief, an adult individual and citizen of the State of New Jersey, who, upon
information and belief, resides at 26 Alexis Dr., Farmingdale, NJ 07727, and is a primary owner,
CEO, and Managing Member of New Bridge.

### Jurisdiction & Venue

8.    This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims
pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs.,
LLC*, 556 U.S. 368, 372 (2012).

9.    This Court has personal jurisdiction over the Defendants because they have repeatedly
placed calls and/or text messages to Pennsylvania residents with Pennsylvania telephone area
codes, and derive revenue from Pennsylvania residents, and they sell goods and services to
Pennsylvania residents, including the Plaintiff.

10.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Defendant
conducts business in, and a substantial part of the events giving rise to Plaintiff's claims occurred
in Montgomery County, Pennsylvania, and Plaintiff was residing in Pennsylvania for all calls, in
King of Prussia, Montgomery County, Pennsylvania. Defendants conducts business in this
judicial district by calling Pennsylvania citizens.

### Statutory Background
### The Telephone Consumer Protection Act

11.   In 1991, Congress enacted the TCPA to regulate the explosive growth of the
telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ...
can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L.
No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The TCPA Prohibits Automated Telemarketing Calls

3

12.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(l)(A)(iii).

13.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(l)(A). See 47 U.S.C. § 227(b)(3).

14.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

16.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

4

In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of
1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do-Not-Call Registry

17.     The National Do Not Call Registry allows consumers to register their telephone numbers

and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47

C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the

registration is cancelled by the consumer or the telephone number is removed by the database

administrator." Id.

18.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations

to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R.

§ 64.1200(c)(2).

19.     The TCPA provides a private cause of action to persons who receive calls in violation of

§ 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

20.     A text message is considered a "call" under the TCPA. *Campbell-Ewald Co. v.*

*Gomez,* 136 S. Ct. 663 (2016).

**The TCPA Imposes Personal Liability on Individuals Who Participate In or Commission**

**Telemarketing Calls**

21.     Under the TCPA, an individual such as Mr. Dessalines may be personally liable for the acts

alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*:

> [T]he act, omission, or failure of any agent, or other person acting for or employed by any
> common carrier or user, acting within the scope of his employment, shall in every case be
> deemed to be the act, omission, or failure of such carrier or user *as well as of that person.* 47
> U.S.C. § 217 (emphasis added).

22.     When considering individual officer liability, other Courts have agreed that a corporate

officer involved in the telemarketing at issue may be personally liable under the TCPA. See, *e.g.,*

*Jackson's Five Star Catering, Inc., v. Beason,* 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov.

8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

23.     Mr. Turriciano is personally liable under the "participation theory" of liability because he had direct, personal participation in the conduct that violated the TCPA, or knowingly authorized such conduct. See, e.g., *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, No. 12-22330-CIV, 2015 WL 3644598, at *3 (S.D. Fla. June 10, 2015).

24.     Mr. Turriciano knew of New Bridge's TCPA violations, and directed employees and/or agents of Plutus to continue making those violations.

25.     This is because Mr. Turriciano authorized and oversaw each of New Bridge's telemarketing processes and calls which were made on behalf of New Bridge.

26.     Mr. Turriciano knew, or should have known, that Plaintiff's telephone number was on the National Do-Not-Call Registry and Pennsylvania's Do Not Call list long before the text messages were sent, and despite this fact, Mr. Turriciano made the decision to direct his agents and/or employees to call the Plaintiff's cell phone number without his prior express written consent.

27.     Mr. Turriciano makes the day-to-day decisions for New Bridge.

28.     Mr. Turriciano made the decision to target Pennsylvania telephone numbers for telemarketing purposes using automated telemarketing calls, includes Plaintiff's number.

29.     Furthermore, Mr. Turriciano is also personally liable because he was responsible for ensuring New Bridge's agents' and/or employees' TCPA compliance.

**Factual Allegations**

**30.**     Defendants provide loans and business financing services to people in Pennsylvania and nationwide.

**31.**     Defendants routinely violates the TCPA as a part of their business model and knowingly and willfully commit TCPA violations.

<u>**The Telemarketing Calls to the Plaintiff**</u>

**32.**     At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (484) 626-3942.

**33.**     At all times material hereto, Plaintiff was the subscriber of the telephone number (484) 626-3942 and paid his cell phone bill through T-Mobile.

**34.**     Plaintiff's phone number is his private cell phone number and is used by Plaintiff solely.

**35.**     Plaintiff's phone number is registered with T-Mobile as his personal telephone number and not as a business telephone number.

**36.**     At all times material hereto when the calls as alleged in this case were made to Plaintiff, Plaintiff's telephone number was not held out by Plaintiff as the contact telephone number for any business.

**37.**     Plaintiff's personal cellular telephone number is a "residential" telephone number that he uses for various personal, family, and household purposes, such as sending and receiving emails, timing food when cooking, sending and receiving text messages, calling friends and family while at home, using the phone's alarm function to wake up in the morning, and for navigation purposes.

**38.**     Plaintiff's personal cellular telephone number (484) 626-3942 has been registered on the National Do-Not-Call Registry since June 26, 2015.

39.     Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls and text messages. The telemarketing calls prevented Plaintiff from using his phone for legitimate purposes.

40.     The Plaintiff has received at least eighteen (18) telemarketing calls between October 18, 2021 and March 23, 2022 to his personal cell phone number 484-626-3942, without his prior express written consent and not related to an emergency purpose, promoting working capital and/or financing services from Defendant.

41.     **Call 1:** On October 18, 2021 at 10:13 AM the Plaintiff received a telemarketing call which displayed on his caller identification as 484-245-6147.

42.     Plaintiff was connected with a representative calling on behalf of Defendant New Bridge Merchant Capital LLC, "Mark Petraglia", a Senior Funding Consultant who attempted to pitch Defendant New Bridge's loan and/or financial services to the Plaintiff.

43.     Plaintiff hung up the phone because he was not interested in Defendants' services after approximately one (1) minute.

44.     Plaintiff did not give Defendants or their agents permission to call him back in the future.

45.     **Calls 2-3:** Plaintiff received two (2) additional telemarketing calls from Defendants using the caller ID 484-245-6147 on October 28, 2021 at 12:43 PM and October 29, 2021 at 10:31 AM.

46.     Plaintiff hung up during Calls #2-3 described above without giving Defendants permission to call back. Both calls lasted approximately one (1) minute.

47.     **Call 4:** On November 1, 2021 at 10:40 AM, Plaintiff received a call from caller ID 484-245-6147.

48.     Plaintiff answered and was connected with Mr. Petraglia calling on behalf of Defendants.

8

**49.**     Mr. Petraglia proceeded to attempt to sell Defendants' loan and/or financial products and services to Plaintiff.

**50.**     Plaintiff provided Defendants' representative, Mr. Petraglia, with his e-mail address and feigned interested in the telemarketing pitch for the sole purpose of identifying who was calling and his company's information.

**51.**     The Plaintiff told Mr. Petraglia he would call New Bridge back if he had any questions or was interested in their services; at no time did Plaintiff give Defendants permission for future telephone communications such as texts or calls.

**52.**     As a direct result of Call #4, Plaintiff received an e-mail from "Mark Petraglia", mark@newbridgemerchantcapital.com at 10:47 AM (just two minutes after the call ended), which attempted to get the Plaintiff to fill out a funding application with New Bridge.

**53.**     **Call 5 (text message):** At 10:52 AM (just a few minutes later), the Plaintiff received a text message from phone number 732-962-4843. A true and correct screenshot of the text message is attached as Exhibit "1".

**54.**     **Call 6:** Defendants called Plaintiff on November 5, 2021 at 12:57 PM attempting to promote Defendants' products and services.

**55.**     Plaintiff hung up the phone because he was not interested.

**56.**     **DNC Request:** Plaintiff sent an e-mail to Defendants' representative, Mr. Petraglia, on November 26, 2021 at 11:35 PM which said "Stop calling me." A true and correct copy of this e-mail is attached as Exhibit "2".

**57.**     **Calls 7-11:** Plaintiff received five (5) missed calls from Defendants between December 10, 2021 and January 17, 2022 from caller ID 484-245-6147

58.     **Call 12:** On January 18, 2022 at 10:34 AM, the Plaintiff received a telephone call from

caller ID 484-245-6147, and upon answering, Plaintiff spoke with "Mohammed Sabbir", a

Senior Funding Consultant with New Bridge.

59.     Mr. Sabbir proceeded to attempt to sell Defendants' loan and/or financial products and

services to Plaintiff.

60.     Plaintiff provided Defendants' representative, Mr. Sabbir, with his e-mail address and

feigned interested in the telemarketing pitch for the sole purpose of identifying who was calling

and his company's information.

61.     The Plaintiff did not give Defendants permission to call back.

62.     **Call 13 (text message):** At 10:37 AM, Plaintiff received a text message from phone

number 518-635-0378, which contained Mr. Sabbir's contact information.

63.     At 10:38 AM, Plaintiff received an e-mail from Mr. Sabbir,

moe@newbridgemerchantcapital.com with the subject line: "Request For 3 Months Of Bank

Statements".

64.     **Call 14 (text message):** At 11:33 AM, the Plaintiff received another text message from

phone number 518-635-0378 regarding a "funding application" Defendant wanted the Plaintiff to

fill out.

65.     **DNC Request:** Plaintiff responded to the e-mail, writing "Please stop calling me". A true

and correct copy of this e-mail is attached as Exhibit "2".

66.     Mr. Sabbir confirmed receipt of Plaintiff's e-mail by replying to it just two (2) minutes

later at 11:54 AM.

67.     **Call 15 (text message):** Plaintiff received another text message from Mr. Sabbir at 11:59

AM from phone number 518-635-0378. In this text, Mr. Sabbir denied previously calling the

Plaintiff, yet in the same text message, said he and the Plaintiff "had a great conversation". *See* Exhibit "3", true and correct copies of said text messages.

**68.**    **Calls 17-18**: Plaintiff received two (2) additional missed calls from phone number 484-245-6147 on February 7, 2022 at 5:46 PM and March 23, 2022 at 12:38 PM, respectively.

**69.**    The following is a table detailing the phone calls sent by Defendants to the Plaintff's cell phone number:

| Call Number | Date: | Time | Caller ID: | Notes: |
|---|---|---|---|---|
| 1 | 10/18/2021 | 10:13 AM | 484-245-6147 | Call lasted one minute |
| 2 | 10/28/2021 | 12:43 PM | 484-245-6147 | Call lasted one minute |
| 3 | 10/29/2021 | 10:31 AM | 484-245-6147 | Call lasted one minute |
| 4 | 11/1/2021 | 10:40 AM | 484-245-6147 | Call lasted five minutes. Received e-mail from Mark Petraglia at 10:47 AM. |
| 5 | 11/1/2021 | 10:52 AM | 732-962-4843 | Text from Mark with New Bridge – asking if I got the email he sent over with the application link. 732-962-4843. |
| 6 | 11/5/2021 | 12:57 PM | 484-245-6147 | Call lasted one minute. |
|  | 11/26/2021 | 11:35 PM | DNC EMAIL | Emailed Mark Petraglia, "Stop calling me." |
| 7 | 12/10/2021 | 2:15 PM | 484-245-6147 | Missed call & voicemail lasting 4 seconds, no message actually left just background noise. |
| 8 | 12/28/2021 | 1:49 PM | 484-245-6147 | Missed Call |
| 9 | 12/28/2021 | 3:27 PM | 484-245-6147 | Missed Call |
| 10 | 1/4/2022 | 11:08 AM | 484-245-6147 | Missed Call |
| 11 | 1/17/2022 | 1:10 PM | 484-245-6147 | Missed Call |

| 13 | 1/18/2022 | 10:34 AM | 484-245-6147 | 3-minute sales call from "Mohammed Sabbir" with New Bridge. |
|----|-----------|----------|--------------|-------------|
| 14 | 1/18/2022 | 10:37 AM | 518-635-0378 | Text message with Mohammed Sabbir's contact information. Received e-mail at 10:38 AM from Mr. Sabbir. |
| 15 | 1/18/2022 | 11:33 AM | 518-635-0378 | Text from Mr. Sabbir: "As per conversation, email was sent. Let me know once you finish the application and I will work on it right away. Looking forward to hearing from you." |
|    | 1/18/2022 | 11:52 AM | DNC EMAILS | Email to Mr. Sabbir: "Please stop calling me." Mr. Sabbir responds at 11:54 AM: "I didn't call you once, just texted and emailed you?" He then wrote at 11:55 AM "You may have got me confused with someone else." I wrote back at 11:57 AM: "I'm not confused – I received a text message from you and a phone call." Emailed Mr. Sabbir at 12:07 PM: "Please send me a copy of your company's Do Not Call policy." |
| 16 | 2/4/2022 | 11:59 AM | 518-635-0378 | Text from Mr. Sabbir |
| 17 | 2/7/2022 | 5:46 PM | 201-582-3279 | Missed Call |
| 18 | 3/23/2022 | 12:38 PM | 201-582-3279 | Missed Call |

70.    Plaintiff did not want or need a loan or any financing.

71.    Defendants did not have the Plaintiff's prior express written consent to make any of these calls.

72.    Prior to these unsolicited telephone communications, the Plaintiff has never done any business with Defendants and Plaintiff never provided Defendants with his cellular telephone number.

12

73.    To the extent Defendants contends that they obtained consent or agreement from Plaintiff for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that such records be maintained. In any event, consent is an affirmative defense under the TCPA, this defense is unavailable unless Defendants can show that they had prior express consent in writing, and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2), including maintaining written procedures on national do-not-call rules, training personnel on national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-not-call database no more than 31 days prior to making any calls, and maintaining records documenting such access. Defendants did not have prior express written consent to such calls from Plaintiff.

74.    Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

75.    Plaintiff received the calls on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with T-Mobile as a cellular telephone number and is used for personal purposes.

76.    These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

77.    Defendants are not an organization exempt from the TCPA.

78.    Defendants' calls to Plaintiff were "telephone solicitations" as defined by the TCPA.

79.    Defendants' calls to Plaintiff were "unsolicited advertisements" as defined by the TCPA.

80.    Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use of his phone because of the text message and telephone call notifications, and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating,

13

obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

### Defendants Contacted Plaintiff via Automated Text Message without a DNC Policy

81.   Pursuant to 47 CFR § 64.1200(d)(1), a telemarketer is required, upon request, to send a consumer a written copy of their company Do-Not-Call Policy.

82.   Upon information and belief, at all times material hereto, Defendants did not have a "Do-Not-Call Policy" in place.

83.   On January 18, 2022 at 12:07 PM, Plaintiff emailed Defendants and asked for a copy of their Do-Not-Call policy.

84.   This e-mail was successfully delivered to Defendant.

85.   Defendant failed and/or refused to provide a "Do-Not-Call Policy" to Plaintiff, despite more than thirty (30) days elapsing since the January 18, 2022 e-mail was sent to Defendants, with no response from Defendants whatsoever.

86.   Plaintiff avers that this is because Defendant does not have a DNC policy in place.

87.   All of the calls in this case occurred when Defendants did not have a written policy, available on demand, for maintaining a do-not-call list

### Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)

88.   Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

89.     Defendants called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

90.     Plaintiff was statutorily damaged at least eighteen (18) times under 47 U.S.C. § 227(c)(3)(F) by the Defendants by the telephone calls described above, in the amount of $500.00 per call.

91.     As a result of Defendants' and Defendants' agents' violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks for himself $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

92.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

93.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

94.     Defendants called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

95.     Plaintiff was statutorily damaged at least eighteen (18) times under 47 U.S.C. § 227(c)(3)(F) by the Defendants by the telemarketing calls described above, in the trebled amount of $1,500.00 per call.

96.     As a result of Defendants' and Defendants' agents' knowing and/or willful violations

15

of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble

damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47

U.S.C. § 227(c)(5).

### Third Cause of Action
(Negligent Violation of the TCPA's Implementing Regulations,
"Do Not Call Policy" Requirement, 47 C.F.R. 64.1200(d)(1)

**97.**     Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

**98.**     Defendant failed and/or refused to provide Plaintiff with a copy of their Do-Not-Call

Policy, after Plaintiff requested one in writing on February 2, 2022 via email.

**99.**     Defendant sent twenty (20) text messages to the Plaintiff without having a Do-Not-Call

Policy or Do-Not-Call procedures in place.

**100.**     As a result of Defendant's and Defendant's agents' negligent violations of 47 CFR §

64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages, pursuant to the implied

private right of action.

**101.**     Plaintiff was statutorily damaged one (1) time under 47 U.S.C. § 227(c)(3)(F) and 47

C.F.R. § 64.1200(d)(1) by the Defendant when they failed and/or refused to provide Plaintiff

with a copy of Defendant's Do-Not-Call policy, in the amount of $500.00.

### Fourth Cause of Action
(Knowing and/or Willful Violation of the TCPA's Implementing Regulations,
"Do Not Call Policy" Requirement, 47 C.F.R. 64.1200(d)(1)

**102.**     Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

**103.**     As a result of Defendant's and Defendant's agents' negligent violations of 47 CFR §

64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages, pursuant to the implied

private right of action.

**104.**    Plaintiff was statutorily damaged one (1) time under 47 U.S.C. § 227(c)(3)(F) and 47

C.F.R. § 64.1200(d)(1) by the Defendant when Defendant failed and/or refused to provide

Plaintiff with a copy of Defendant's Do-Not-Call policy, in the amount of $500.00.

**105.**    As a result of Defendant's and Defendant's agents' knowing and/or willful violations of

47 CFR § 64.1200(d)(1), Plaintiff seeks for himself $1,500 in trebled statutory damages,

pursuant to the implied private right of action.

## WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:
### I.    Prayer for Relief

On Causes of Action 1-4:

1. For awards of $500 for each negligent violation as set forth in actions 1-4.

2. For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-4.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing; Total statutory damages: **$28,500.00** (Eighteen (18) counts of: "Sales call to a number registered on the National Do-Not-Call Registry", and One (1) count of "Failure to Provide Defendants' Do-Not-Call Policy", with treble damages for each.)

4. Prejudgment interest at the maximum legal rate;

5. Costs of suit herein incurred; and

6. All such other and further relief as the Court deems proper.

17

II.     **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: March 31, 2022

James Everett Shelton
*Plaintiff, Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
Jeshelton595@gmail.com

**VERIFICATION**

I, JAMES EVERETT SHELTON, Plaintiff, Pro Se, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 PA. C.S. § 4904 related to unsworn falsification to authorities.

Dated: March 31, 2022

JAMES EVERETT SHELTON

# EXHIBIT 1

3/31/22, 12:44 PM                                          Gmail - ATTN: James

 Gmail                                  Jamie Shelton <jeshelton595@gmail.com>

## ATTN: James
3 messages

**Mark Petraglia** <mark@newbridgemerchantcapital.com>          Mon, Nov 1, 2021 at 10:46 AM
To: jeshelton595@gmail.com

Good morning James,

It was a pleasure speaking with you earlier in regards to financing for your business. I understand you're interested about 50k-100k in funding for a new truck.

All I need to get you qualified are your last 3 months of recent bank statements (Aug, Sept, Oct) as well as the 1 page application that I linked below. As soon as I receive this I will immediately work on getting an offer for you.

Please **tap here** to fill out the application. For your convenience, you can upload the last 3 months statements through the DocuSign link OR send them directly to my email.

Give me a call or shoot me an email if you have any questions or concerns. Thanks!

--
Speak soon,

Mark Petraglia
Senior Funding Consultant
New Bridge Merchant Capital LLC
Main: 201-580-5679

**Mark Petraglia** <mark@newbridgemerchantcapital.com>          Wed, Nov 3, 2021 at 11:06 AM
To: jeshelton595@gmail.com

Good morning James,

Just wanted to check in with you here. Will you have any free time this week to get the statements and application over so I can get started on the 100k for you?
[Quoted text hidden]

**Mark Petraglia** <mark@newbridgemerchantcapital.com>          Mon, Nov 8, 2021 at 10:50 AM
To: jeshelton595@gmail.com

Good morning James,

Just wanted to touch base with you here in regards to our conversation from last week about getting you 50k-100k in funding for your business. Are you still interested in seeing options?

On Mon, Nov 1, 2021 at 10:46 AM Mark Petraglia <mark@newbridgemerchantcapital.com> wrote:
[Quoted text hidden]

--
*Speak soon,*

*Mark Petraglia*
*Senior Funding Consultant*
[Quoted text hidden]

3/31/22, 12:44 PM                                                           Gmail - ATTN: James

*Main #: 1(201)-580-5679*
*Fax #: 1 (855) 518-7430*
*Email: Mark@newbridgemerchantcapital.com*

*www.newbridgemerchantcapital.com*

**CONFIDENTIALITY NOTICE: This message (including any attachments) is intended solely for the use of New Bridge Merchant Capital its affiliates and the individual addressee(s). This message may contain confidential and/or private information privileged to recipient or recipients named above. If you are not the authorized recipient(s), or the employee or agent responsible for delivering this message to the intended recipient(s), please immediately notify the sender by e-mail at the address shown above and delete this message from your system, other storage mechanism and/or shred the document and any attachments. Any unauthorized use, review or dissemination of this message in whole or in part by persons or entities other than the intended recipient is strictly prohibited. New Bridge Merchant Capital shall not be liable for the improper or incomplete transmission of the information contained in this communication nor for any delay in its receipt or damage to your system.**

# **EXHIBIT 2**

12:28

+1 (732) 962-4843 ›

Text Message
Mon, Nov 1, 10:52 AM

Hey James its Mark with New Bridge this is my work cell. Just wanted to make sure you got the email I sent over with the application link. Did it come through?



# EXHIBIT 3

3/31/22, 12:45 PM                                             Gmail - ATTN: James

 Gmail                                   **Jamie Shelton <jeshelton595@gmail.com>**

---

## ATTN: James
4 messages

---

**Mark Petraglia** <mark@newbridgemerchantcapital.com>        Mon, Nov 1, 2021 at 10:46 AM
To: jeshelton595@gmail.com

Good morning James,

It was a pleasure speaking with you earlier in regards to financing for your business. I understand you're interested about 50k-100k in funding for a new truck.

All I need to get you qualified are your last 3 months of recent bank statements (Aug, Sept, Oct) as well as the 1 page application that I linked below. As soon as I receive this I will immediately work on getting an offer for you.

Please **tap here** to fill out the application. For your convenience, you can upload the last 3 months statements through the DocuSign link OR send them directly to my email.

Give me a call or shoot me an email if you have any questions or concerns. Thanks!

--
Speak soon,

Mark Petraglia
Senior Funding Consultant
New Bridge Merchant Capital LLC
Main: 201-580-5679

---

**Mark Petraglia** <mark@newbridgemerchantcapital.com>        Wed, Nov 3, 2021 at 11:06 AM
To: jeshelton595@gmail.com

Good morning James,

Just wanted to check in with you here. Will you have any free time this week to get the statements and application over so I can get started on the 100k for you?
[Quoted text hidden]

---

**Mark Petraglia** <mark@newbridgemerchantcapital.com>        Mon, Nov 8, 2021 at 10:50 AM
To: jeshelton595@gmail.com

Good morning James,

Just wanted to touch base with you here in regards to our conversation from last week about getting you 50k-100k in funding for your business. Are you still interested in seeing options?

On Mon, Nov 1, 2021 at 10:46 AM Mark Petraglia <mark@newbridgemerchantcapital.com> wrote:
[Quoted text hidden]

--
*Speak soon,*

*Mark Petraglia*
*Senior Funding Consultant*
[Quoted text hidden]

3/31/22, 12:45 PM                                    Gmail - ATTN: James

*Main #: 1(201)-580-5679*
*Fax #: 1 (855) 518-7430*
*Email: Mark@newbridgemerchantcapital.com*

*www.newbridgemerchantcapital.com*

*CONFIDENTIALITY NOTICE: This message (including any attachments) is intended solely for the use of New Bridge Merchant Capital its affiliates and the individual addressee(s). This message may contain confidential and/or private information privileged to recipient or recipients named above. If you are not the authorized recipient(s), or the employee or agent responsible for delivering this message to the intended recipient(s), please immediately notify the sender by e-mail at the address shown above and delete this message from your system, other storage mechanism and/or shred the document and any attachments. Any unauthorized use, review or dissemination of this message in whole or in part by persons or entities other than the intended recipient is strictly prohibited. New Bridge Merchant Capital shall not be liable for the improper or incomplete transmission of the information contained in this communication nor for any delay in its receipt or damage to your system.*

**James Shelton** <jeshelton595@gmail.com>                    Fri, Nov 26, 2021 at 11:35 PM
To: Mark Petraglia <mark@newbridgemerchantcapital.com>

Stop calling me.

Sent from my iPhone
[Quoted text hidden]

# EXHIBIT 4

3/31/22, 12:34 PM                        Gmail - Request For 3 Months Of Bank Statements

 Gmail                                    Jamie Shelton <jeshelton595@gmail.com>

## Request For 3 Months Of Bank Statements
6 messages

**Mohammed Sabbir** <moe@newbridgemerchantcapital.com>               Tue, Jan 18, 2022 at 1:36 PM
To: "jeshelton595@gmail.com" <jeshelton595@gmail.com>

*Good afternoon,*

*My name is Mohammed Sabbir. I work in the underwriting department at New Bridge Merchant Capital. We specialize in business funding based on the health of the business. I can get rid of excessive broker fees, obtain an approval within a few hours and fund you within one day for up to 150% of your monthly bank deposits/Revenue.*

*I would like to mention that if you have a current advance or loan out at the time, we are capable of giving a second, third, fourth and even fifth position as a Business Loan in which you would net the full amount of the approval. If you have any existing debt, tax liens, negative days or judgments we are still willing to work with you. We also provide the most flexible consolidation program in the industry paying off any type of debt you may have, with up to 30% discounts on early payoff.*

## WHY CHOOSE NBMC BUSINESS LOANS?

### • FUNDING WITHIN 24 HOURS.

### • LOAN TERMS STRETCH TO 24 MONTHS.

### • NO COLLATERAL OR PERSONAL GUARANTEE.

### • 89% APPROVAL RATE.

<u>*Stipulations needed for qualification:*</u>

- *Your last 3 month business bank statements*
- *Completed one page DocuSign Application*

--

*Speak soon,*

*Mohammed Sabbir*
*Senior Funding Consultant*
*New Bridge Merchant Capital LLC*
*Main #: 1 (201) 582-3279*
*Fax #: 1 (855) 518-7430*

**James Shelton** <jeshelton595@gmail.com>                          Tue, Jan 18, 2022 at 11:52 AM
To: Mohammed Sabbir <moe@newbridgemerchantcapital.com>

Please stop calling me.

Sent from my iPhone

> On Jan 18, 2022, at 10:38 AM, Mohammed Sabbir <moe@newbridgemerchantcapital.com> wrote:

[Quoted text hidden]

---

**Mohammed Sabbir** <moe@newbridgemerchantcapital.com>                    Tue, Jan 18, 2022 at 2:52 PM
To: James Shelton <jeshelton595@gmail.com>

I didn't call you once, just texted and emailed you?

[Quoted text hidden]

--

### *Mohammed Sabbir*
*Senior Funding Specialist*

### *New Bridge Merchant Capital*
*Toll Free #: 1 (844) 228-0593 X113*
*Direct: (201) 582-3279*
*Fax #: 1 (855) 518-7430*
*Email: moe@newbridgemerchantcapital.com*

*CONFIDENTIALITY NOTICE: This message (including any attachments) is intended solely for the use of New Bridge Merchant Capital its affiliates and the individual addressee(s). This message may contain confidential and/or private information privileged to the recipient or recipients named above.  If you are not the authorized recipient(s), or the employee or agent responsible for delivering this message to the intended recipient(s), please immediately notify the sender by e-mail at the address shown above and delete this message from your system, other storage mechanism and/or shred the document and any attachments. Any unauthorized use, review or dissemination of this message in whole or in part by persons or entities other than the intended recipient is strictly prohibited. New Bridge Merchant Capital shall not be liable for the improper or incomplete transmission of the information contained in this communication nor for any delay in its receipt or damage to your system.*

---

**Mohammed Sabbir** <moe@newbridgemerchantcapital.com>                    Tue, Jan 18, 2022 at 2:53 PM
To: James Shelton <jeshelton595@gmail.com>

You may have got me confused with someone else.

[Quoted text hidden]

---

**James Shelton** <jeshelton595@gmail.com>                    Tue, Jan 18, 2022 at 11:57 AM
To: Mohammed Sabbir <moe@newbridgemerchantcapital.com>

I'm not confused - I received a text message from you and a phone call.

Sent from my iPhone

> On Jan 18, 2022, at 11:55 AM, Mohammed Sabbir <moe@newbridgemerchantcapital.com> wrote:

[Quoted text hidden]

---

**Jamie Shelton** <jeshelton595@gmail.com>                    Tue, Jan 18, 2022 at 12:07 PM

3/31/22, 12:34 PM                                    Gmail - Request For 3 Months Of Bank Statements

To: Mohammed Sabbir <moe@newbridgemerchantcapital.com>

Please send me a copy of your company's Do Not Call policy.

[Quoted text hidden]

# EXHIBIT 5



**12:29**

+1 (518) 635-0378 >

Text Message
Tue, Jan 18, 10:37 AM

Mohammed Sabbir Senior Funding Specialist New Bridge Merchant Capital Toll Free #: 1 (844) 228-0593 ex.113   Direct: (201)582-3279 Fax #: 1 (855) 518-7430 Email: moe@newbridgemerchantcapital.com

10:37 AM

As per conversation, email was sent. Let me know once you finish the application and I will work on it right away. Looking forward to hearing from you.

11:33 AM

Never called you my brother, we had a great conversation of you getting another truck on the road.

11:59 AM





9505 5142 4800 2090 6551 25

USPS TRACKING® #

EXPECTED DELIVERY DAY: 04/04/22

TRACKED · INSURED

FLAT RATE ENVELOPE

ONE RATE · ANY WEIGHT

■ Expected delivery date specified for domestic use.
■ Most domestic shipments include up to $50 of insurance (restrictions apply).*
■ USPS Tracking® included for domestic and many international destinations.
■ Limited international insurance.**
■ When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL®

PRESS FIRMLY TO SEAL

FSC
MIX
Paper
FSC® C1xxxx

PAPER
POUCH

how2recycle.info



USPS.COM/PICKUP

To schedule free Package Pickup, scan the QR code.

RECEIVE

U.S.M.S. X-RAY



RECEIVED
APR 4 2022

FROM: James Everett Shelton
316 Covered Bridge Rd
King of Prussia, PA 1906

TO: Clerk U.S. District Court
601 Market Street
Room 2609
Philadelphia, PA 1906


U.S. POSTAGE PAID
PME
1022
MONROVIA, CA
91016
MAR 31, 22
AMOUNT:
19106
$8.95
R2303S102671-18

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.